# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 cr 250-19

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | |
| ) | ORDER |
| DAVID LEE TOWIN SANDERS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** came before the undersigned upon the Court's own motion concerning whether or not a conflict of interest could exist for Defendant's counsel, Joseph Carroll Bowman. On May 19, 2017 Mr. Bowman advised the Court he had been appointed to represent Defendant in regard to a Petition that had been filed alleging that Defendant had violated terms and conditions of his supervised release. Mr. Bowman further advised he had also been appointed to represent the Defendant Tito Antonio Wroten, 1:106cr250-21, in regard to a separate and distinct Petition alleging that Mr. Wroten had violated terms and conditions of his supervised release.

The undersigned examined Rule 44(c) of the Federal Rules of Criminal Procedure which states as follows:

**(c)** **Inquiry Into Joint Representation.**

**(1)** **Joint Representation**. Joint representation occurs when:

**(A)** two or more defendants have been charged jointly under

1

> Rule 8(b) or have been lined for trial under Rule 13; and
> **(B)** the defendants are represented by the same counsel, or counsel who are associated in law practice.
>
> **(2)  Court's Responsibilities in Cases of Joint Representation.** The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

To avoid the appearance of a conflict, the undersigned entered an Order in regard to Defendant Wroten's case withdrawing Mr. Bowman as counsel for Mr. Wroten and directing that the Federal Defenders of Western North Carolina appoint new counsel.

The undersigned made an inquiry with the Defendant about whether or not he wished for Mr. Bowman to continue to represent him.  In conducting the inquiry, the undersigned explained to Defendant all facts concerning the appearance of conflict of Mr. Bowman and advised Defendant the undersigned would appoint separate counsel to represent him in this matter.  Defendant advised the Court he thought Mr. Bowman was doing an excellent job representing him and requested that Mr. Bowman be allowed to continue.  The undersigned agreed with the Defendant's statement and will allow Mr. Bowman to continue to represent Defendant Sanders.  As a result of the actions taken, it does not appear there is even the appearance of a conflict of interest in this case and as a result, Mr. Bowman will

be allowed to continue to represent Defendant Sanders in this matter.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that Joseph Carroll Bowman will be allowed to continue to represent Defendant Sanders in this matter. The Court appreciates the candor that Mr. Bowman has shown in advising the Court of the potential conflict of interest. His conduct exemplifies the highest standards of ethical conduct for counsel.

Signed: May 26, 2017

Dennis L. Howell
United States Magistrate Judge